1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  GENE FARBER, Esq. (No. 44215) Of Counsel
   158 Hilltop Crescent
3  Walnut Creek, CA 94597-3457
   Telephone: (925)588-0401
4
   Attorneys for Plaintiff HOLLYNN D'LIL
5

6

7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9

10  HOLLYNN D'LIL,                    CASE NO. 07    2678
                                      Civil Rights              BZ
11          Plaintiff,

12  v.                                **COMPLAINT FOR INJUNCTIVE RELIEF
                                      AND DAMAGES:** DENIAL OF CIVIL
13  EAST WEST CAFÉ; HISAM             RIGHTS OF A DISABLED PERSON IN
    SHABOON; DOE TRUST 1; DAVID       VIOLATION OF THE AMERICANS WITH
14  R. MADSEN; CARLEEN MADSEN;        DISABILITIES ACT, AND IN
    HARRY E. POLLEY; JEAN E.          VIOLATION OF CALIFORNIA'S
15  POLLEY; and DOES 2 through        DISABLED RIGHTS STATUTES
    50, Inclusive,
16                                    **DEMAND FOR JURY TRIAL**
            Defendants.
17                                    [Proper Intradistrict Assignment:
                                        San Francisco/Oakland]
18  _____/

19       Plaintiff HOLLYNN D'LIL, on behalf of herself and other

20  similarly situated disabled persons, hereby complains of

21  defendants, including the res and business named EAST WEST CAFÉ,

22  also commonly known as the East West Bakery or East West

23  Restaurant; HISAM SHABOON; DOE TRUST 1; DAVID R. MADSEN, Trustee

24  of DOE TRUST 1; CARLEEN MADSEN, Trustee of DOE TRUST 1; HARRY E.

25  POLLEY; JEAN E. POLLEY; and DOES 2 through 50, Inclusive

26  (hereafter "defendants"), and demands a trial by jury, and

27  alleges as follows:

28  ////

**Complaint for Injunctive Relief and Damages**

1   **INTRODUCTION**

2       1.    The defendants own, operate and/or lease the EAST WEST

3   CAFÉ located at or near 128 North Main Street, Sebastopol.

4   Plaintiff is a patron of the restaurant. She has a qualified

5   disability.   Her has a readily observable permanent disability

6   involving her lower extremities that requires the use of

7   wheelchair for mobility. She lives less than four miles from the

8   restaurant in the nearby the nearby town of Graton.

9       2.    This is a suit to require defendants to remediate

10  their restaurant so that it is fully accessible and usable by

11  persons with disabilities such as plaintiff, per the design

12  requirements of Title 24 and ADAAG.    Defendants maintain

13  architectural barriers to such use at their entrance, path of

14  travel to the public restrooms, and within the public restrooms

15  themselves.

16      3.    Provision of full and equal access is required by

17  virtue of building's construction, alteration and occupancy

18  history occurring within the statutory period after July 1, 1970.

19  On information and belief, the restaurant was "altered" during

20  the statutory period without removal of the aforementioned

21  architectural barriers. Plaintiff seeks injunctive relief to

22  require removal of the barriers to meet the requirements of both

23  California law and the Americans With Disabilities Act of 1990.

24  Plaintiff also seeks deterrence damages for violation of her

25  Civil Rights for each date of specific deterrence or use until

26  such date as defendants bring their public facilities into full

27  compliance with the requirements of California and federal law.

28  ////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 2 —

1    **JURISDICTION AND VENUE**

2       4.    This Court has jurisdiction of this action pursuant to
3    28 U.S.C. 1331 for violations of the Americans with Disabilities
4    Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to pendant
5    jurisdiction, attendant and related causes of action, arising
6    from the same facts, are also brought under California law,
7    including but not limited to violations of California Health &
8    Safety Code Sections 19955 *et seq*., including Section 19959;
9    Title 24 California Code of Regulations; and California Civil
10   Code Sections 54 and 54.1 *et seq*.

11      5.    Venue is proper in this court pursuant to 28 U.S.C.
12   1391(b) and is founded on the fact that the real property which
13   is the subject of this action is located in this district and
14   that plaintiff's causes of action arose in this district.

15      6.    **Intradistrict Jurisdiction.**  Under Civil Local Rule 3-
16   2(d), this case should be assigned to the San Francisco/Oakland
17   intradistrict as the real property that is the subject of this
18   action is located in the San Francisco/Oakland intradistrict and
19   plaintiff's causes of action arose in the San Francisco/Oakland
20   intradistrict (a property located in Sebastopol).

21

22   **PARTIES**

23      7.    Plaintiff HOLLYNN D'LIL qualifies as a "physically
24   handicapped" or "physically disabled" person, as she requires the
25   use of a wheelchair for mobility.  Plaintiff is informed and
26   believes that each of the defendants herein, including Doe
27   Trust 1, and Does 2-50, is the owner, constructive owner,
28   beneficial owner, successor-owner or successor-in-interest,

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                          — 3 —

1  purchaser, trust, trustee, agent, ostensible agent, alter ego,
2  master, servant, employer, employee, representative, franchiser,
3  franchisee, joint venturer, partner, associate, parent company,
4  subsidiary, department, representative, or such similar capacity,
5  of each of the other defendants, and was at all times acting and
6  performing, or failing to act or perform, within the course and
7  scope of his, her or its authority as owner, constructive owner,
8  beneficial  owner,  successor-owner  or  successor-in-interest,
9  purchaser, agent, trust, trustee, ostensible agent, alter ego,
10 master, servant, employer, employee, representative, franchiser,
11 franchisee, joint venturer, partner, associate, parent company,
12 subsidiary, department, representative, or such similar capacity,
13 and with the authorization, consent, permission or ratification
14 of each of the other defendants, and is responsible in some
15 manner for the acts and omissions of the other defendants in
16 proximately causing the violations and damages complained of
17 herein, and have approved or ratified each of the acts or
18 omissions of each other defendant, as herein described.
19 Plaintiff will seek leave to amend when the true names,
20 capacities, connections, and responsibilities of each defendant
21 and Doe Trust 1, and Does 2-50, are ascertained. Alternatively,
22 plaintiff will also seek to liability against any un-joined party
23 pursuant to state and/or federal statutes and rules pertaining to
24 success-in-interest liability.

25     8.    Plaintiff alleges on information and belief that at
26 all relevant times, defendants EAST WEST CAFÉ, aka East West
27 Bakery or East West Restaurant; HISAM SHABOON; DOE TRUST 1; DAVID
28 R. MADSEN, Trustee of DOE TRUST 1; CARLEEN MADSEN, Trustee of DOE

Shimasch Law Offices
58 HILL TOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 4 —

1  TRUST 1; HARRY E. POLLEY; JEAN E. POLLEY; and DOES 2 through 50,
2  Inclusive, either were and/or now are the owners, operators,
3  lessors and/or lessees of the public accommodation know as the
4  East West Café in Sebastopol, located at or near Assessor's
5  Parcel Number 004-243-008, and at or near 128 North Main Street.

6      9.    The   facilities   of   this   business,   including   its
7  entrances, dining, public restrooms, and other public facilities
8  and  amenities  are  each  a  "public  accommodation  or  facility"
9  subject to the requirements of California Health & Safety Code
10 Sections 19955  et  seq.  and  of  the  California  Civil  Code
11 Sections 54, 54.1, and 54.3.   At all times relevant to this
12 complaint, defendants have held these facilities open to public
13 use.   Such facilities also constitute "public accommodations" or
14 "commercial facilities" subject to the requirements of Sections
15 302 and 303 of the Americans with Disabilities Act of 1990.

16

17 **FACTUAL STATEMENT**

18     10.   Defendants are required by law to provide accessible
19 facilities on each occasion that "alterations, structural repairs
20 or additions" were performed to such facilities pursuant to legal
21 standards then in effect, per Section 19959 of the Health & Safety
22 Code, and under Section 303 of the Americans With Disabilities Act
23 (which governs "new construction" and "alterations").

24     11.   On information and belief, each such facility has,
25 since July 1, 1970, been newly constructed, and/or undergone
26 "alterations, structural repairs, and additions," each of which
27 has subjected the defendants and the subject restaurant's public
28 facilities  to  disabled  access  requirements  of  Section  19959

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 5 —

1   Health & Safety Code, Title 24 of the California Code of
2   Regulations, and/or, for such work occurring since January 26,
3   1992, to the requirements of Section 303 of the Americans With
4   Disabilities Act.

5       12.  Plaintiff has had the construction history evaluated
6   by  legal  representatives  and  is  aware  the  restaurant's
7   responsibility  there  under  to  remediate  its  inaccessible
8   facilities.

9       13.  Plaintiff visits the down town area regularly and has
10  dined at the East West Café on multiple occasions. For more than
11  two years, she has both spoken and written to its owners and
12  operators seeking compliance, and has also communicated through
13  legal representatives and official intermediaries.  However,
14  despite these informal requests, defendants refuse to comply with
15  the law.

16      14.  Barriers to disabled access at the restaurant include:
17  the absence of an accessible landing at front entrance and
18  obstructions stored within that area; further obstructions stored
19  within the path of travel to the public restrooms; the
20  inaccessible vestibule and entrances serving the restrooms; and
21  the completely inaccessible nature of the restrooms themselves,
22  which are narrow and cramped and provide no access space in the
23  areas serving the toilet, entrance and sink. On information and
24  belief, defendants 52 chair dining setup is inaccessible both in
25  provision of clear floor space and unobstructed knee space.

26      15.  As a result of the actions and failure to act of
27  defendants, and each of them, and as a result of the failure to
28  provide appropriate disabled accessible entrance, restroom and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 6 —

1  dining amenities, plaintiff suffered and will suffer a loss of
2  her civil rights to full and equal access to public facilities,
3  suffered  strain  and  exhaustion  from  attempting  to  negotiate
4  barriers  as  well  as  pain  and  discomfort,  and  will  suffer
5  emotional  distress,  mental  distress,  mental  suffering,  mental
6  anguish,  which  includes  that  humiliation,  embarrassment,  anger,
7  disappointment  and  worry,  normally  and  naturally  expected  and
8  associated with a person with a physical disability being denied
9  access  to  a  public  accommodation,  all  to  her  damages  as  prayed
10 hereinafter in an amount within the jurisdiction of this court.

11      16.    Over  the  last  two  years  and  continuing,  plaintiff
12 pays regular visits to the downtown Sebastopol area and has been
13 denied  access  when  patronizing  the  restaurant  as  a  paying
14 customer  or  in  being  deterred  from  the  effort.    Plaintiff  would
15 like  to  return  and  use  the  subject  restaurant  on  a  planned  or
16 spontaneous basis, but is unable to enjoy the safe full and equal
17 access to which she is entitled.

18      17.    On  information  and  belief,  a  number  of  facilities  in
19 the  subject  building  have  been  remodeled  during  the  statutory
20 period since July 1, 1970, triggering accessible "path of travel"
21 requirements  to  each  area  of  alteration,  which  includes,  but  is
22 not limited to, accessible public sanitary facilities and a path
23 of  travel,  complying  with  ADA  and  Title  24  standards.    On
24 information and belief, defendants have not complied with these
25 legal obligations.

26      18.    The  "removal"  of  each  of  these  barriers  to  use  by
27 disabled persons was "readily achievable" under the standards of
28 Section 301(9) of the Americans With Disabilities Act of 1990 [42

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 7 —

1    U.S.C. 12181] at all times herein relevant.   Section 303 of the
2    ADA [42 U.S.C. 12183] and California law also required the
3    removal of all such barriers upon performance of "alterations."

4        19.   On information and belief, defendants continue to the
5    present date to deny "full and equal access" to plaintiff and to
6    all other disabled persons, in violation of California law,
7    including Health & Safety Code Sections 19955 et seq., Civil Code
8    Sections 54 and 54.1, and Title 24 of the California Code of
9    Regulations (a.k.a. California Building Code).   Further, such
10   denial of access to disabled persons also violates the
11   requirements of Title III of the federal Americans With
12   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,
13   §§ 12181 et seq.] (Hereinafter also called the "ADA").

14

15                        **FIRST CAUSE OF ACTION:**

16   **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

17       20.   Plaintiff repleads and incorporates by reference, as
18   if fully set forth again herein, the allegations contained in
19   paragraphs 1 through 19, above.

20       21.   Plaintiff is physically disabled under standards as
21   defined by all California statutes using these terms. Plaintiff
22   is also an "individual with a disability" as defined by
23   Section 54(b) Civil Code, as well as Section 3(2) of the ADA.
24   Each violation of the ADA, as plead hereinafter, is incorporated
25   by reference as a separate violation of Sections 54(c) and
26   54.1(d) California Civil Code.

27       22.   Health & Safety Code Section 19955 provides in
28   pertinent part:

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 8 —

1        (a) The purpose of this part is to insure
2   that public accommodations or facilities constructed
3   in this state with private funds adhere to the
4   provisions of Chapter 7 (commencing with § 4450) of
5   Division 5 of Title 1 of the Government Code.  For
6   the purposes of this part "public accommodation or
7   facilities" means a building, structure, facility,
8   complex, or improved area which is used by the
9   general public and shall include auditoriums,
10   hospitals, theaters, restaurants, restaurants,
11   motels, stadiums, and conventions centers.

12   23. Health and Safety Code Section 19956, which appears in
13 the same chapter as 19955, provides, in pertinent part: "[a]ll
14 public accommodations constructed in this state shall conform to
15 the provisions of Chapter 7 (commencing with § 4450) of Division
16 5 of Title 1 of the Government Code...."

17   24. Section 19956 Health & Safety Code was operative July
18 1, 1970, and is applicable to all public accommodations
19 constructed or altered after that date. On information and
20 belief, portions of the subject restaurant were constructed
21 and/or altered after July 1, 1970, and portions of the subject
22 building were structurally remodeled, altered and have undergone
23 structural repairs or additions after July 1, 1970. Such
24 construction required such building and its public accommodation
25 facilities to be subject to the requirements of Part 5.5,
26 Sections 19955, et seq., of the Health and Safety Code, which
27 requires provision of access upon "alterations, structural
28 repairs or additions" per Section 19959 Health & Safety Code, or

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages       — 9 —

1   upon a change of occupancy (a form of "alteration").

2       25.   Pursuant to the authority delegated by Government Code
3   Section   4450,   et   seq.,   the   State   Architect   promulgated
4   regulations for the enforcement of these provisions.   Effective
5   January 1, 1982, Title 24 of the California Administrative Code
6   adopted the California State Architect's Regulations and these
7   regulations must be complied with as to any modifications of the
8   subject building and its facilities occurring after that date.
9   Any alterations of the building after January 1, 1982 required
10  compliance   with   the   Title 24   regulations   then   in   effect,
11  including that an accessible path of travel leading to such
12  facility from the adjoining public right of way.   Prior to 1982,
13  similar requirements were incorporated into the law from the
14  American Standards Association.   On information and belief, one
15  or   more   of   the   constructions   of   and   alterations   upon   and
16  modifications of the subject facilities occurred during the
17  period of time that sections of the Health and Safety Code have
18  provided that all buildings and facilities used by the public
19  must   conform   to   each   of   the   standards   and   specifications
20  described in the American Standards Association Specifications,
21  or, as to construction occurring after January 1, 1982, to the
22  standards of Title 24, the State Architect's Regulations.

23      26.   Plaintiff   is   informed   and   believes   and   therefore
24  alleges that defendants, and their predecessors in interest as
25  owners,   operators   and/or   lessors   of   the   subject   public
26  accommodation   (for   which   the   defendants   as   current   owners,
27  operators and/or lessors of the building are responsible), and
28  each of them caused the subject property to be constructed,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 10 —

altered and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said facilities, and full and equal use of said building.    Further, on information and belief, defendants and each of them have continued to maintain and operate such building and its facilities in such condition up to the present time, despite actual and constructive notice to such defendants, and each of them (which includes plaintiff's discussions with restaurant personnel, as well as her letters to defendants, and communications from legal and official representatives) that the configuration of the building were in violation of the Civil Rights of disabled persons, such as plaintiff. Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Part 5.5, Sections 19955ff Health and Safety Code, Sections 54 and 54.1, et seq., Civil Code, and elsewhere in the laws of California.

27.   On information and belief, the subject building and the defendants and each of them have denied full and equal access to disabled persons in other respects due to non-compliance with requirements of Title 24 of the California Code of Regulations, and of other provisions of disabled access legal requirements. Additionally, maintaining the barriers specified in this complaint is independently a violation of both Title 24 of the California Building Code, and of Sections 54 and 54.1 Civil Code and their guarantee of "full and equal" access to all public facilities (as pled in the second cause of action, and also repleads and incorporated herein by reference, as if fully

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**    — 11 —

1   restated hereafter), in conjunction with Section 19955ff, per

2   James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

3       28.  Injunctive  Relief  -  The  acts  and  omissions  of

4   defendants  as  complained  of  continue  to  have  the  effect  of

5   allowing  defendants  to  wrongfully  exclude  Plaintiff,  and  other

6   similarly  situated  members  of  the  public  who  are  physically

7   disabled,  from  full  and  equal  access  to  the  subject  restaurant.

8   Such  acts  and  omissions  are  the  continuing  cause  of  humiliation

9   and  mental  and  emotional  suffering  to  plaintiff  and  other

10  similarly  situated  persons  in  that  these  actions  treat  them  as

11  inferior  and  second  class  citizens  and  serve  to  discriminate

12  against  them,  so  long  as  defendants  do  not  provide  a  properly

13  accessible,  safe  and  equal  use  of  such  facilities.   Said  acts

14  have  proximately  caused  and  will  continue  to  cause  irreparable

15  injury  to  Plaintiff  and  other  similarly  situated  persons  if  not

16  enjoined  by  this  court.

17      29.  Plaintiff  seeks  injunctive  relief,  pursuant  to

18  Section  19953  Health  and  Safety  Code  and  Section  55  Civil  Code,

19  prohibiting  those  of  the  defendants  that  currently  own,  operate,

20  and/or  lease  (from  or  to)  the  subject  restaurant,  from

21  maintaining  architectural  barriers  to  the  use  by  disabled  persons

22  of  public  accommodations  and  facilities,  in  violation  of  Part

23  5.5,  Sections  19955ff  Health  and  Safety  Code.   Plaintiff  seeks  to

24  require  such  defendants  to  create  safe  and  properly  accessible

25  facilities.

26      30.  Attorneys'  Fees  -  As  a  result  of  defendants'  acts  and

27  omissions  in  this  regard,  plaintiff  has  been  required  to  incur

28  legal  expenses  and  hire  attorneys  in  order  to  enforce  plaintiff's

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 12 —

1    rights and those of other similarly situated persons, and to
2    enforce provisions of the law protecting access for the disabled,
3    and prohibiting discrimination against the disabled, and to take
4    such action both in her own interest and in order to enforce an
5    important right affecting the public interest.    Plaintiff
6    therefore seeks recovery of all reasonable attorneys' fees,
7    litigation expenses and costs incurred, pursuant to the
8    provisions of Section 1021.5 of the Code of Civil Procedure.
9    Plaintiff also seeks recovery of her attorneys' fees and costs
10   pursuant to Section 19953 Health and Safety Code.

11        WHEREFORE, plaintiff prays for relief as hereinafter stated.

12

13                    **SECOND CAUSE OF ACTION:**

14                **VIOLATION OF DISABLED RIGHTS ACT,**

15           **CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**

16   **DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

17        31.   Plaintiff repleads and incorporates, as if fully set
18   forth again herein, the allegations contained in paragraphs 1
19   through 30, above.

20        32.   At all times relevant to this action, California Civil
21   Code Sections 54 and 54.1 have provided that physically disabled
22   persons are not to be discriminated against because of physical
23   handicap or disability.  Section 54 Civil Code provides:

24             Individuals with disabilities shall have the
25         same right as the general public to the full and free
26         use of the streets, highways, sidewalks, walkways,
27         public buildings, public facilities, including
28         hospitals, clinics, and physicians' offices, public

Shimusch Law Offices
158 Hill Top Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 13 —

1    facilities, and other public places.

2    Section 54.1 Civil Code provides that:

3         (a)(1)  Individuals with disabilities shall be
4    entitled to full and equal access, as other members
5    of the general public, to accommodations, advantages,
6    facilities, medical facilities...  and privileges of
7    all common carriers, airplanes, motor vehicles... or
8    any  other  public  conveyances  or  modes  of
9    transportation...    restaurants,  lodging  places,
10   places of public accommodation and amusement or
11   resort, and other places to which the general public
12   is  invited,  subject  only  to  the  conditions  or
13   limitations established by law, or state or federal
14   regulations,  and  applicable  alike  to  all  other
15   persons.

16       33.   California Civil Code Section 54.3 provides that any
17   person or corporation who denies or interferes with admittance to
18   or enjoyment of the public facilities as specified in Section 54
19   and 54.1 Civil Code is liable for EACH such offense for the
20   actual damages and any amount up to a maximum of three times the
21   amount of actual damages but in no case less than $1,000 and such
22   attorneys' fees that may be determined by the Court in addition
23   thereto, suffered by any person denied any of the rights provided
24   in Sections 54 and 54.1, for services necessary to enforce those
25   rights.

26       34.   As a result of the actions and failure to act of
27   defendants, and each of them, and as a result of the failure to
28   provide appropriate disabled accessible guestrooms and restaurant

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 14 —

1 amenities, plaintiff suffered and will suffer a loss of her civil
2 rights to full and equal access to public facilities, suffered
3 strain and exhaustion from attempting to negotiate barriers as
4 well as pain and discomfort, and will suffer emotional distress,
5 mental distress, mental suffering, mental anguish, which includes
6 that shame, humiliation, embarrassment, anger, disappointment and
7 worry, normally and naturally expected and associated with a
8 person with a physical disability being denied access to a public
9 accommodation, all to her damages as prayed hereinafter in an
10 amount within the jurisdiction of this court.

11     35.   Plaintiff is a person with a disability within the
12 meaning of Civil Code Sections 54 and 54.1 whose rights have been
13 infringed upon and violated by the defendants.   Plaintiff has
14 been denied full and equal access on multiple occasions on each
15 specific date of potential use in which full and equal access to
16 such facility was denied or deterred occurring within two years
17 of the filing of this complaint.   On information and belief,
18 defendants have failed to act to provide full and equal public
19 access to their subject restaurant, and continue to operate in
20 violation of the law and continue to discriminate against
21 physically disabled persons by failing to allow access to their
22 building who cannot enter or use facilities on a full and equal
23 basis.

24     36.   On information and belief, defendants were on notice
25 of the requirements of the law relating to provision for full and
26 equal disabled access.   Especially as defendants were on full
27 notice, each date that plaintiff's visits the area that
28 defendants have continued to deny access to disabled persons

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 15 —

1   constitutes a new and distinct violation of plaintiff's right to
2   full and equal access to this public facility, in violation of
3   Sections 54 and 54.1, et seq. Civil Code.   In the event of a
4   default judgment against any particular defendant, plaintiff will
5   seek an injunction requiring provision of accessible entrance,
6   dining, path of travel and public restroom facilities, plus
7   damages of $1,000 for each occasion of attempted use or
8   deterrence day for the two years proceeding the filing of this
9   complaint, plus reasonable attorneys' fees, litigation expenses
10  and costs as set by the court, until it is brought into full
11  compliance with state and federal access laws protecting the
12  rights of the disabled.

13       37.   Plaintiff has been damaged by defendants' wrongful
14  conduct and seeks the relief that is afforded by Sections 54.1,
15  54.3 and 55 of the Civil Code.   Plaintiff seeks actual damages,
16  and statutory and treble damages against defendants for all
17  periods of time mentioned herein.   As to those of the defendants
18  that currently own, operate, and/or lease (from or to) the
19  subject restaurant, plaintiff seeks a preliminary and permanent
20  injunctive relief to enjoin and eliminate the discriminatory
21  practices and barriers that deny equal access for disabled
22  persons, and for reasonable attorneys' fees.

23       38.   WHEREFORE, plaintiff asks this Court to enjoin any
24  continuing refusal by the defendants that currently own, operate,
25  and or lease (from or to) the subject restaurant, to grant such
26  access to plaintiff and other similarly situated disabled
27  persons, or alternatively to enjoin operation of the subject
28  restaurant as a public accommodation until such defendants comply

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 16 —

1  with all applicable statutory requirements relating to access to
2  physically disabled persons, and that the Court award plaintiff
3  her reasonable statutory attorneys' fees, litigation expenses and
4  costs pursuant to Civil Code Section 55, Code of Civil Procedure
5  Section 1021.5, and Health & Safety Code Section 19953, and as
6  further prayed for herein.

7       WHEREFORE, plaintiff prays for damages and injunctive relief
8  as hereinafter stated.

9

10                      **THIRD CAUSE OF ACTION:**

11  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
12                      **42 USC §§ 12101ff**

13       39.   Plaintiff repleads and incorporates by reference, as
14  if  fully  set  forth  again  herein,  the  factual  allegations
15  contained in paragraphs 1 through 38, above.

16       40.   Pursuant to law, in 1990 the United States Congress
17  made findings per 42 U.S.C. Section 12101 regarding physically
18  disabled persons, finding that laws were needed to more fully
19  protect "some 43 million Americans with one or more physical or
20  mental disabilities;" that "historically society has tended to
21  isolate and segregate individuals with disabilities;" that "such
22  forms of discrimination against individuals with disabilities
23  continue to be a serious and pervasive social problem;" that "the
24  Nation's proper goals regarding individuals with disabilities are
25  to  assure  equality  of  opportunity,  full  participation,
26  independent  living  and  economic  self  sufficiency  for  such
27  individuals;" and that "the continuing existence of unfair and
28  unnecessary  discrimination  and  prejudice  denies  people  with

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 17 —

1   disabilities the opportunity to compete on an equal basis and to

2   pursue those opportunities for which our free society is

3   justifiably famous..."

4       41.   Congress stated as its purpose in passing the

5   Americans with Disabilities Act (42 USC § 12101(b)):

6   It is the purpose of this act —

7           (1) to provide a clear and comprehensive

8           national mandate for the elimination of

9           discrimination against individuals with

10          disabilities;

11          (2) to provide clear, strong, consistent,

12          enforceable standards addressing discrimination

13          against individuals with disabilities;

14          (3) to ensure that the Federal government plays

15          a central role in enforcing the standards

16          established in this act on behalf of individuals

17          with disabilities; and

18          (4) to invoke the sweep of Congressional

19          authority, including the power to enforce the 14th

20          Amendment and to regulate commerce, in order to

21          address the major areas of discrimination faced day

22          to day by people with disabilities.   (Emphasis

23          added)

24      42.   As part of the Americans with Disabilities Act, Public

25   Law 101-336, (hereinafter the "ADA"), Congress passed "Title III

26   —  Public Accommodations and Services Operated by Private

27   Entities" (42 U.S.C 12181ff). Among "private entities" which are

28   considered "public accommodations" for purposes of this title are

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 18 —

1   identified as "a restaurant, bar or other establishment serving
2   food or drink." (§§ 301(7) [42 U.S.C. 12181].)

3       43.   Pursuant   to   Section 302   [42   U.S.C   12182],   "[n]o
4   individual   shall   be   discriminated   against   on   the   basis   of
5   disability   in   the   full   and   equal   enjoyment   of   the   goods,
6   services, facilities, privileges, advantages, or accommodations
7   of any place of public accommodation by any person who owns,
8   leases,   or   leases   to,   or   operates   a   place   of   public
9   accommodation."

10      44.   Among   the   general   prohibitions   of   discrimination
11  included in Section 302(b)(1)(A) are the following:

12          § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.   —
13      It shall be discriminatory to subject an individual
14      or class of individuals on the basis of a disability
15      or   disabilities   of   such   individual   or   class,
16      directly, or through contractual, licensing, or other
17      arrangements, to a denial of the opportunity of the
18      individual or class to participate in or benefit from
19      the   goods,   services,   facilities,   privileges,
20      advantages, or accommodations of an entity."

21          § 302(b)(1)(A)(ii): "PARTICIPATION   IN   UNEQUAL
22      BENEFIT — It shall be discriminatory to afford an
23      individual or class of individuals, on the basis of a
24      disability or disabilities of such individual or
25      class, directly, or through contractual, licensing,
26      or   other   arrangements   with   the   opportunity   to
27      participate   in   or   benefit   from   a   good,   service,
28      facility, privilege, advantage, or accommodation that

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                          — 19 —

1   is not equal to that afforded to other individuals."

2       § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It
3   shall be discriminatory to provide an individual or
4   class of individuals, on the basis of a disability or
5   disabilities of such individual or class, directly,
6   or through contractual, licensing, or other
7   arrangements with a good, service, facility,
8   privilege, advantage, or accommodation that is
9   different or separate from that provided to other
10  individuals, unless such action is necessary to
11  provide the individual or class of individuals with a
12  good, service, facility, privilege, advantage, or
13  accommodation, or other opportunity that is as
14  effective as that provided to others."

15      45. Among the specific prohibitions against
16  discrimination in the ADA include the following:

17      § 302(b)(2)(A)(ii): "A failure to make
18  reasonable modifications in policies, practices or
19  procedures when such modifications are necessary to
20  afford such goods, services, facilities, privileges,
21  advantages or accommodations to individuals with
22  disabilities..."

23      § 302(b)(2)(A)(iii): "A failure to take such
24  steps as may be necessary to ensure that no
25  individual with a disability is excluded, denied
26  services, segregated or otherwise treated differently
27  than other individuals because of the absence of
28  auxiliary aids and services, unless the entity can

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                     — 20 —

1   demonstrate    that    taking    such    steps    would
2   fundamentally alter the nature of the good, service,
3   facility,   privilege,   advantage,   or   accommodation
4   being offered or would result in an undue burden;"

5   § 302(b)(2)(A)(iv):   "A   failure   to   remove
6   architectural  barriers,   and  communication  barriers
7   that   are   structural   in   nature,   in   existing
8   facilities...   where   such   removal   is   readily
9   achievable;"

10   § 302(b)(2)(A)(v):   "Where   an   entity   can
11   demonstrate that the removal of a barrier under
12   clause (iv) is not readily achievable, a failure to
13   make such goods, services, facilities, privileges,
14   advantages,   or   accommodations   available   through
15   alternative  methods  if  such  methods  are  readily
16   achievable."   The acts and omissions of defendants
17   set forth herein were in violation of plaintiff's
18   rights under the ADA, Public Law 101-336, and the
19   regulations  promulgated  thereunder,  28  CFR  Part
20   36ff.

21   46.   The removal of each of the barriers complained of by
22   plaintiff as hereinabove (at paragraph 14) alleged were — at all
23   times on or after January 26, 1992 — "readily achievable."

24   47.   Further, at all times herein mentioned, modification
25   of or removal of these barriers was "readily achievable" under
26   the factors specified in the Americans with Disabilities Act of
27   1990,  including but  not  limited  to  section 301(9)  [42  U.S.C.
28   12181], and the Regulations adopted thereto.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                        — 21 —

1    48.   Further,   if   defendants   are   collectively   able   to
2  "demonstrate" that it was not "readily achievable" for defendants
3  to remove each of such barriers, defendants have failed to make
4  the required services available through alternative methods which
5  were readily achievable, as required by Section 302 of the ADA
6  [42 U.S.C. 12182].

7    49.  "Discrimination"   is   further   defined   under
8  Section 303(a)(2) of the ADA, for a facility or part thereof that
9  was altered after the effective date of Section 303 of the ADA in
10  such a manner as to affect or that could affect the usability of
11  the facility or part thereof by persons with disabilities, to
12  include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to
13  make alterations in such a manner that, to the maximum extent
14  feasible, the altered portions of the facility are readily
15  accessible to and usable by individuals with disabilities,
16  including individuals who use wheelchairs."  Additionally, for
17  alterations to areas of a facility involving a "primary
18  function," discrimination under the ADA, per Section 303(a)(2)
19  (42 U.S.C. 12183), also includes the failure of an entity "to
20  make the alterations in such a manner that, to the maximum extent
21  feasible, the path of travel to the altered area and the
22  bathrooms, telephones, and drinking fountains serving the altered
23  area, are readily accessible to and usable by individuals with
24  disabilities."  On information and belief, the subject building
25  constitutes a "commercial facility," and defendants have, since
26  the date of enactment of the ADA, performed alterations
27  (including alterations to areas of primary function) to the
28  subject building and its facilities, public accommodations, and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                          — 22 —

1   commercial facilities, which fail to provide facilities and paths
2   of travel to such areas that are readily accessible to and usable
3   by  individuals  with  disabilities,  in  violation  of  Section
4   303(a)(2), and the regulations promulgated thereunder, 28 CFR
5   Part 36ff.

6       50.   Pursuant to the Americans with Disabilities Act, 42
7   USC 12188ff, Section 308, plaintiff is entitled to the remedies
8   and procedures set forth in Section 204, subsection (a), of the
9   Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as
10  plaintiff is being subjected to discrimination on the basis of
11  disability in violation of this title or has reasonable grounds
12  for believing that she is about to be subjected to discrimination
13  in violation of Sections 302 and 303. On information and belief,
14  defendants have continued to violate the law and deny the rights
15  of plaintiff and of other disabled persons to access this public
16  accommodation for the two years proceeding the filing of this
17  complaint.   Pursuant  to  Section 308(a)(2),  "[i]n  cases  of
18  violations of Section 302(b)(2)(A)(iv)... injunctive relief shall
19  include an order to alter facilities to make such facilities
20  readily accessible to and usable by individuals with disabilities
21  to the extent required by this title."

22      51.  As  a  result of defendants' acts and omissions in
23  this regard, plaintiff has been required to incur legal expenses
24  and attorney fees, as provided by statute, in order to enforce
25  plaintiff's  rights  and  to  enforce  provisions  of  the  law
26  protecting  access  for  disabled  persons  and  prohibiting
27  discrimination  against  disabled  persons.    Plaintiff  seeks
28  recovery of all reasonable attorneys' fees, litigation expenses

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 23 —

1   (including expert fees) and costs, pursuant to the provisions of
2   Section 505 of the ADA (42 U.S.C. 12205) and the Department of
3   Justice's regulations for enforcement of Title III of the ADA (28
4   CFR 36.505).  Additionally, plaintiff's lawsuit is intended not
5   only to obtain compensation for damages to plaintiff, but also to
6   require the defendants to make their facilities accessible to all
7   disabled members of the public, justifying "public interest"
8   attorneys' fees pursuant to the provisions of California Code of
9   Civil Procedure Section 1021.5.

10          WHEREFORE, plaintiff prays that this Court grant relief
11  as hereinafter stated:

12

13                       **FOURTH CAUSE OF ACTION:**

14  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**
15  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

16          52.   Plaintiff repleads and incorporates by reference, as
17  if fully set forth again herein, the allegations contained in
18  paragraphs 1 through 51 of this complaint.

19          53.   Each violation of the Americans With Disabilities Act
20  of 1990, as complained of in the Third Causes of Action
21  hereinabove (the contents of which causes of action have been
22  incorporated herein as if separately restated word for word
23  hereafter), is also a violation of section 54(c) and section
24  54.1(d) California Civil Code, further and independently
25  justifying damages, injunctive relief, and other statutory relief
26  per sections 54.3 and 55 California Civil Code, all as previously
27  pled.

28          54.   As a result of defendants' acts and omissions in

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 585-0401

Complaint for Injunctive Relief and Damages                    — 24 —

1  this regard, plaintiff has been required to incur legal expenses
2  and attorney fees, as provided by statute, in order to enforce
3  plaintiff's rights and to enforce provisions of the law
4  protecting access for disabled persons and prohibiting
5  discrimination against disabled persons. Plaintiff therefore
6  seeks recovery of all reasonable attorneys' fees, litigation
7  expenses (including expert fees) and costs, pursuant to the
8  provisions of Section 55 of the Civil Code. Additionally,
9  plaintiff's lawsuit is intended not only to obtain compensation
10  for damages to plaintiff, but also to require the defendants to
11  make their facilities accessible to all disabled members of the
12  public, justifying "public interest" attorneys' fees pursuant to
13  the provisions of California Code of Civil Procedure Section
14  1021.5.

15  WHEREFORE, plaintiff prays for damages and injunctive
16  relief as hereinafter stated.

17
18  **FIFTH CAUSE OF ACTION:**
19  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**
20  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
21  55. Plaintiff repleads and incorporates by reference, as
22  if fully set forth again herein, the allegations contained in
23  paragraphs 1 through 54 of this complaint.

24  56. Each violation of the Americans With Disabilities Act
25  of 1990, as complained of in the Third Causes of Action
26  hereinabove (the contents of which causes of action have been
27  incorporated herein as if separately repled), is also a violation
28  of section 51(f) of the Unruh Civil Rights Act, further and

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 25 —

1    independently   justifying   damages   of   $4,000   per   offense,
2    injunctive relief, and other statutory relief per Section 52 and
3    common law decision.

4         57.  As  a  result  of  defendants'  acts  and  omissions  in
5    this regard, plaintiff has been required to incur legal expenses
6    and attorney fees, as provided by statute, in order to enforce
7    plaintiff's   rights   and   to   enforce   provisions   of   the   law
8    protecting   access   for   disabled   persons   and   prohibiting
9    discrimination against disabled persons.  Plaintiffs therefore
10   seek recovery of all reasonable attorneys' fees, litigation
11   expenses (including expert fees) and costs, pursuant to the
12   provisions of Section 55 of the Civil Code.  Additionally,
13   plaintiff's lawsuit is intended not only to obtain compensation
14   for damages to plaintiff, but also to require the defendants to
15   make their facilities accessible to all disabled members of the
16   public, justifying "public interest" attorneys' fees pursuant to
17   the provisions of California Code of Civil Procedure Section
18   1021.5.

19        WHEREFORE, plaintiff prays for damages and injunctive
20   relief as hereinafter stated.

21
22                    **SIXTH CAUSE OF ACTION:**
23            **VIOLATION OF GOVERNMENT CODE SECTION 12948**

24        58.  Plaintiff repleads and incorporates by reference,
25   as if fully set forth again herein, the factual allegations
26   contained in paragraphs 1 through 57 of this complaint.

27        59.  Defendants' actions are in violation of Government
28   Code Section 12948, and the corresponding Civil Code Sections 51,

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 26 —

1  54, and 54.1.

2      60. Plaintiff seeks injunctive relief, statutory and
3  compensatory damages, punitive damages, and attorneys fees under
4  the FEHA.

5      Wherefore, plaintiff prays that the court grant relief as
6  requested herein below.

7

8                              **PRAYER**

9      WHEREFORE, plaintiff prays for an award and relief as
10 follows:

11     1. That those of the defendants that currently own,
12 operate, and or lease (from or to) the subject building, parcel,
13 restaurant business, and their facilities, known as East West
14 Café, including any subsequent successors in interests and/or
15 parties controlling the litigation, be preliminarily and
16 permanently enjoined from operating and maintaining these public
17 facilities as public accommodations and commercial facilities, so
18 long as disabled persons are not provided full and equal access
19 to the accommodations and facilities, in violation of provided by
20 Sections 54, 54.1, and 55 et seq., of the Civil Code, Sections
21 19955 et seq. Health & Safety Code, Sections 4450, et seq.
22 Government Code, the American Standard Specifications
23 (A117.1961), or such other standards, including those of the
24 State Architect's Regulations for Handicapped Access, as found in
25 Title 24 of the California Code of Regulations or other
26 regulations as are currently required by law; and that defendants
27 be ordered to come into compliance with the Americans with
28 Disabilities Act of 1990, including an order that those of the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages        — 27 —

1  defendants that currently own, operate, and/or lease (from or to)
2  the subject restaurant, <u>inter alia</u>, "alter the subject facilities
3  to make such facilities readily accessible to and usable by
4  individuals with disabilities," and institute reasonable
5  modifications in policies and practices, per Section 308 of
6  Public Law 101-336 (the ADA);

7      2.   General, compensatory, and statutory damages, and all
8  damages as afforded by Civil Code Sections 54.3, including treble
9  damages, for each violation and each date of use or deterrence on
10 which defendants have denied to plaintiff equal access for the
11 disabled, and for the period commencing two years proceeding the
12 filing of this complaint, according to proof.

13     3.   General, compensatory, and statutory damages, and all
14 damages as afforded by Civil Code Sections 52, including treble
15 damages, for each violation and each date on which defendants
16 have denied to plaintiff equal access for the disabled under
17 Title III of the ADA, and for the period commencing two years
18 proceeding the filing of this complaint, according to proof.

19     4.   Attorney's fees, litigation expenses and costs
20 pursuant to Sections 54.3 and 55 of the Civil Code, Section 19953
21 Health & Safety Code, Section 1021.5 Code of Civil Procedure, and
22 Section 505 of the ADA;

23     5.   For all costs of suit;

24     6.   Prejudgment interest pursuant to Section 3291 of the
25 Civil Code;

26     7.   Such other and further relief as the Court deems just
27 ////

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 28 —

1   and proper.

2

3   Dated: May 17, 2007                    THIMESCH LAW OFFICES
                                           TIMOTHY S. THIMESCH
4

5

6                                          Attorneys for Plaintiff
                                           HOLLYNN D'LIL
7

8                          **DEMAND FOR JURY TRIAL**

9        Plaintiff hereby demands a jury for all claims for which a

10   jury is permitted.

11

12

13   Dated: May 17, 2007
                                           By: TIMOTHY S. THIMESCH
14                                         Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Injunctive Relief and Damages**                    — 29 —

nesch Law Offices
HILLTOP CRESCENT
ALNUT CREEK, CA
94597-3452
(925) 588-0401