UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOLLYNN DLIL
         Plaintiff (s)

    v.

EAST WEST CAFE
         Defendant(s).

C 07-02678 BZ
**SCHEDULING ORDER FOR CASES ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE III (42 U.S.C § 12181- 89)**

**IT IS HEREBY ORDERED that this action is assigned to the Honorable** <u>Bernard</u> <u>Zimmerman</u>. **When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.**

## CASE SCHEDULE

| Date | Event | Rule(s) |
|------|-------|---------|
| **5/21/2007** | **Complaint filed** | |
| **7/20/2007** | **Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline** | <u>**General Order 56; Civil Local Rule 7-11**</u> |
| **7 days before Joint Site Inspection** | **Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises** | <u>**FRCivP 26(a);**</u> <u>**General Order 56 ¶2;**</u> |
| **8/29/2007** | **Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement** | <u>**General Order 56 ¶3,4;**</u> |
| **10 business days after Joint Site Inspection** | **Last day for parties to meet and confer in person to discuss settlement** | <u>**General Order 56 ¶4;**</u> |
| **45 days after Joint Site Inspection** | **Last day for plaintiff to file "Notice of Need for Mediation"** | <u>**General Order 56 ¶6;**</u> |
| **7 calendar days after mediation** | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | <u>**General Order 56 ¶7; Civil Local Rule 7-11**</u> |

1

2

**(Rev. 01/2002)**

## STANDING ORDERS

3    1.    Within 30 days of filing a complaint, plaintiff shall serve and file either a

4  written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for

5  reassignment to a district judge. Within 30 days of being served with a complaint or

6  third party complaint, a defendant or third party defendant shall serve and file either a

7  written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for

8  reassignment to a district judge.

9

10    2.    Civil law and motion is heard on the first and third Wednesdays of every

11  month at 10:00 a.m. Criminal law and motion is heard on the second and fourth

12  Wednesdays of every month at 1:30 p.m.

13

14    3.    A copy of any brief or other document containing a legal citation **shall** be

15  submitted to chambers on a diskette formatted preferably in WordPerfect 5, 6, 8 or 9. A

16  chambers copy of any document **may** be submitted on CD-ROM with hypertext links to

17  exhibits.

18

19    4.    Any proposed order in a case subject to electronic filing shall be sent by

20  e-mail to: bzpo@cand.uscourts.gov. This address is to be used only for proposed

21  orders unless otherwise directed by the court.

22

23    5.    Unless expressly requested by the Court, documents should **not be faxed**

24  to chambers but should be filed or lodged in accordance with the Local Rules of Court.

25  The Court should not be routinely copied on correspondence between counsel.

26

27    6.    Motions for **summary judgment** shall be accompanied by a statement of

28

g:\bzall\orders\standord5.ord

1    the material facts not in dispute supported by citations to admissible evidence.  The

2    parties shall file a joint statement of undisputed facts where possible.  If the parties are

3    unable to reach complete agreement after meeting and conferring, they shall file a joint

4    statement of the undisputed facts about which they do agree.  Any party may then file a

5    separate statement of the additional facts that the party contends are undisputed.  A

6    party who without substantial justification contends that a fact is in dispute is subject to

7    sanctions.

8

9        7.      Parties are reminded that most procedural questions are answered in the

10   Local Rules or these Standing Orders.  Parties should not contact Chambers for

11   answers to procedural questions.  The Local Rules are available for public viewing at

12   the Court's internet site - http://www.cand.uscourts.gov.

13

14

15   **IT IS SO ORDERED**.

16

17   Dated:   January 16, 2002

18

19

                                          BERNARD ZIMMERMAN
20                                        United States Magistrate Judge

21

22

23

24

25

26

27

28

g:\bzall\orders\standord5.ord

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.   Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.   Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.   Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.   Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.   Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.