```
1  LESLIE R. PERRY, SBN 062390
   PERRY, JOHNSON, ANDERSON,
2  MILLER & MOSKOWITZ LLP
   PO Box 1028
3  438 First Street, Fourth Floor
   Santa Rosa, CA 95402-1028
4  Telephone:    (707) 525-8800
   Facsimile:    (707) 545-8242
5
6  Attorneys for Defendants
   East West Café and Hisam Shaboon
7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL, | CASE NO.:  C 07 2678 BZ |
| Plaintiff, | Civil Rights |
| vs. | **ANSWER TO COMPLAINT** |
| EAST WEST CAFÉ; HISAM SHABOON; DOE TRUST 1; DAVID R. MADSEN; HARRY E. POLLEY; JEAN E. POLLEY; and DOES 2 through 50, Inclusive, | |
| Defendants. | |

COMES NOW EAST WEST CAFÉ AND HISAM SHABOON and answer plaintiff HOLLYNN D'LIL's ("D'LIL) complaint as follows:

1. In answering Paragraph 1 of the complaint, these answering defendants admit that they lease the premises located at 128 North Main Street, Sebastopol, and operate East West Café. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph, and on that basis, deny the remainder of the allegations contained therein.

2. In answering Paragraph 2 of the complaint, it calls for a legal conclusion to which no response is required. As the remainder of the allegations, denied.

3. In answering Paragraph 3 of the complaint, it calls for a legal conclusion to which no response is required. As to the remainder of the allegations, denied.

4. In answering Paragraph 4 of the complaint, these answering defendants deny that this court has subject matter jurisdiction or pendant jurisdiction over state law claims.

5. In answering Paragraph 5 of the complaint, these answering defendants deny that this court has subject matter jurisdiction, and therefore deny that venue is proper in any federal District Court.  Defendants admit that the business is in Sonoma County

6. In answering Paragraph 6 of the complaint, these answering defendants deny that this court has subject matter jurisdiction, and therefore deny that venue is proper in any federal District Court.  Defendants admit that the subject property is located in Sebastopol, California.

7. In answering Paragraph 7 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

8. In answering Paragraph 8 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein, except defendants admit that they lease the premises located at 128 North Main Street, Sebastopol, and operate the East West Café.

9. In answering Paragraph 9 of the complaint, the cited statutes speak for themselves.  The remainder of the paragraph calls for a legal conclusion to which no response is required, and defendants deny each and every allegation contained therein.

10. In answering Paragraph 10 of the complaint, it calls for a legal conclusion to which no response is required, and defendants therefore deny each and every allegation contained therein.

11. In answering Paragraph 11 of the complaint, these answering defendants deny each and every allegation contained therein.

12. In answering Paragraph 12 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

13. In answering Paragraph 13 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and on that basis, deny each and every allegation contained therein except defendants admit that plaintiff has visited the restaurant and has communicated with these answering defendants.

14. In answering Paragraph 14 of the complaint, these answering defendants deny each and every allegation contained therein.

15. In answering Paragraph 15 of the complaint, these answering defendants deny each and every allegation contained therein.

16. In answering Paragraph 16 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

17. In answering Paragraph 17 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

18. In answering Paragraph 18 of the complaint, these answering defendants deny each and every allegation contained therein.

19. In answering Paragraph 19 of the complaint, these answering defendants deny each and every allegation contained therein.

20. In answering Paragraph 20 of the complaint, these answering defendants repeat and reallege each of their responses to Paragraphs 1 through 19 as though fully set forth herein.

21. In answering Paragraph 21 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

22. In answering Paragraph 22 of the complaint, these answering defendants respond that the cited statute speaks for itself.

23. In answering Paragraph 23 of the complaint, these answering defendants respond that the cited statute speaks for itself.

24. In answering Paragraph 24 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and on that basis, deny each and every allegation contained therein.

25. In answering Paragraph 25 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

26. In answering Paragraph 26 of the complaint, these answering defendants deny each and every allegation contained therein.

27. In answering Paragraph 27 of the complaint, these answering defendants deny each and every allegation contained therein.

28. In answering Paragraph 28 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

29. In answering Paragraph 29 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein, except defendants admit that plaintiff's complaint seeks injunctive relief.

30. In answering Paragraph 30 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein, except defendants admit that plaintiff's complaint seeks recovery of attorney's fees.

31. In answering Paragraph 31 of the complaint, these defendants repeat and reallege each of their responses to Paragraph 1 through 30 as though fully set forth herein.

32. In answering Paragraph 32 of the complaint, the cited statute speaks for itself.

33. In answering Paragraph 33 of the complaint, the cited statutes speak for themselves.

34. In answering Paragraph 34 of the complaint, these answering defendants deny each and every allegation contained therein.

35. In answering Paragraph 35 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

36. In answering Paragraph 36 of the complaint, these answering defendants deny each and every allegation contained therein.

37. In answering Paragraph 37 of the complaint, these answering defendants respond that the complaint speaks for itself. As to the remainder of the allegations, denied.

38. In answering Paragraph 38 of the complaint, these answering defendants respond that the complaint speaks for itself. As to the remainder of the allegations, denied.

39. In answering Paragraph 39 of the complaint, these answering defendants repeat and reallege each of their responses to Paragraphs 1 through 38 as though fully set forth herein.

40. In answering Paragraph 40 of the complaint, these answering defendants respond that the congressional findings speak for themselves.

41. In answering Paragraph 41 of the complaint, these answering defendants respond that the congressional findings speak for themselves.

42. In answering Paragraph 42 of the complaint, these answering defendants respond that the cited statute speaks for itself.

43. In answering Paragraph 43 of the complaint, these answering defendants respond that the cited statute speaks for itself.

44. In answering Paragraph 44 of the complaint, these answering defendants respond that the cited statute speaks for itself.

45. In answering Paragraph 45 of the complaint, these answering defendants respond that the cited statute speaks for itself.

46. In answering Paragraph 46 of the complaint, these answering defendants deny each and every allegation contained therein.

47. In answering Paragraph 47 of the complaint, these answering defendants deny each and every allegation contained therein.

48. In answering Paragraph 48 of the complaint, these answering defendants deny each and every allegation contained therein.

49. In answering Paragraph 49 of the complaint, these answering defendants respond that the cited statute speaks for itself. As to the remainder of the allegations, denied.

50. In answering Paragraph 50 of the complaint, these answering defendants respond that the cited statute speaks for itself. As to the remainder of the allegations, denied.

51. In answering Paragraph 51 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

52. In answering Paragraph 52 of the complaint, these answering defendants repeat and reallege each of their responses to Paragraphs 1 through 51 as though fully set forth herein.

53. In answering Paragraph 53 of the complaint, these answering defendants deny each and every allegation contained therein.

54. In answering Paragraph 54 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

55. In answering Paragraph 55 of the complaint, these answering defendants repeat and reallege each of their responses to Paragraph 1 through 54 as though fully set forth herein.

56. In answering Paragraph 56 of the complaint, these answering defendants deny each and every allegation contained therein.

57. In answering Paragraph 57 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

58. In answering Paragraph 58 of the complaint, these answering defendants repeat and reallege each of their responses to Paragraphs 1 through 57 as though fully set forth herein.

59. In answering Paragraph 59 of the complaint, these answering defendants deny each and every allegation contained therein.

60. In answering Paragraph 60 of the complaint, these answering defendants respond that the complaint speaks for itself.

61. In answering the complaint, these answering defendants respond to plaintiff's prayer for relief, and deny that plaintiff has been injured or damaged in any manner set forth therein, or an any other manner, whatsoever, and deny that plaintiff is entitled to the elements of relief, damages, and

remedies requested therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and requested relief are barred because she lacks standing to bring the above claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications to defendants' facilities which are either not readily achievable, not required, technically infeasible, would create an undue hardship on defendants, would fundamentally alter the way that defendants provide goods and services to the public, or create a direct threat to the health and safety of the plaintiff or others.

## THIRD AFFIRMATIVE DEFENSE

Defendants state that plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, C. C. P. Sections 335.1, 338 and 343.

## FOURTH AFFIRMATIVE DEFENSE

At all times herein relevant, defendants have made a good faith effort to comply with all requirements of the ADA, the Unruh Civil Rights Act, Health and Safety Code section 19955, et seq., and all other applicable statutes and laws, and defendants have reasonable grounds for believing their actions were in compliance with all applicable statutes.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert ADA claims with respect to any restaurant she failed to visit and suffer discrimination at prior to the filing of the initial complaint. Plaintiff lacks standing with respect to any barriers that she did not encounter and that do not affect her.

## SIXTH AFFIRMATIVE DEFENSE

The federal District Court is without subject matter jurisdiction because the last time the restaurant was modified, renovated or altered was prior to the effective date of the ADA, and therefore the ADA is not applicable.

## SEVENTH AFFIRMATIVE DEFENSE

The alterations to and removal of architectural barriers from the subject premises sought by plaintiff are not readily achievable.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state sufficient facts to constitute a cause of action against these answering defendants.

NINTH AFFIRMATIVE DEFENSE

Pursuant to 42 U. S. C. Section 12205, defendants are entitled to recover their attorney's fees and costs and other litigation expenses incurred in the defense of this action. Defendants have retained the undersigned attorneys and agree to pay them a reasonable fee for their services.

TENTH AFFIRMATIVE DEFENSE

Any alleged failure by defendants to alter, repair, or modify the premises in question does not give rise to a cause of action by plaintiff under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the Act.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants have not modified, altered, renovated or built the restaurant since the effective date of either the ADA or the Unruh Civil Rights and therefore are not in violation of any provisions of either of those Acts.

TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that no relief may be obtained under the complaint by reason of the doctrine of unclean hands.

DATED: June 28, 2007

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP


By: /s/ Leslie R. Perry
LESLIE R. PERRY
Attorneys for Defendants
EAST WEST CAFÉ and HISAM SHABOON